BARBARA J. PARKER, City Attorney. SBN 069722
RANDOLPH W. HALL, Chief Assistant City Attorney.. SBN 080142
WILLIAM E. SIMMONS, Supervising City Attorney.. SBN 121266
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California  94612
Telephone:  (510) 238-6520.  Fax:  (510) 238-6500
X03740:1052726

Attorneys for Defendants, CITY OF OAKLAND, et al

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| TIMOTHY SCOTT CAMPBELL, KERIE CAMPBELL, MARCUS KRYSHKA, MARC MCKINNIE, MICHAEL SIEGEL, AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF OAKLAND, INTERIM CHIEF OF POLICE HOWARD JORDAN, <br><br> Defendants. | Case No. C11-05498 RS <br><br> [~~PROPOSED~~] <br> **STIPULATED PROTECTIVE ORDER** |

1    Plaintiffs TIMOTHY SCOTT CAMPBELL, KERIE CAMPBELL, MARCUS KRYSHKA,

2  MARC MCKINNIE, MICHAEL SIEGEL, AMERICAN CIVIL LIBERTIES UNION OF

3  NORTHERN CALIFORNIA, by and through their attorneys Rachel Lederman, et al., and

4  Defendants CITY OF OAKLAND, INTERIM CHIEF OF POLICE HOWARD JORDAN,

5  ("Defendants"), by and through their attorneys, the OFFICE OF THE CITY ATTORNEY OF

6  OAKLAND, hereby stipulate to the following protective order:

7         1. DEFINITIONS

8             1.1 Party: any party to this action, including all of its officers, directors,

9  employees, consultants, retained experts, and outside counsel (and their support staff).

10             1.2 Disclosure or Discovery Material: all items or information, regardless of

11  the medium or manner generated, stored, or maintained (including, among other things;

12             1.3 "Confidential" Information or Items:  Information (regardless of how

13  generated, stored or maintained) or tangible things qualify for protection under standards developed

14  under F.R.Civ.P. 26(c).  This material includes:

15      a)    Information from personnel files of any sworn member of the Oakland Police

16  Department.

17      b)    Information from Internal Affairs files pertaining to any sworn member of the

18  Oakland Police Department.

19             1.4    "Highly Confidential-Attorneys' Eyes Only" Information or Items:

20  Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-

21  party would create a substantial risk of serious injury that could not be avoided by less restrictive

22  means.

23      This material includes:

24      a)    Information from medical and/or psycho-therapeutic records of any party to this

25  action.

26

1       1.5       Receiving Party: a Party that receives Disclosure or Discovery

2   Material from a Producing Party.

3       1.6       Producing Party: a Party or non-party that produces Disclosure or

4   Discovery Material in this action.

5       1.7       Designating Party: a Party or non-party that designates information or

6   items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

7   Confidential-Attorneys Eyes Only."

8       1.8       Protected Material:     any Disclosure or Discovery Material that is

9   designated as "Confidential" or as "Highly Confidential-Attorneys' Eyes Only."

10      1.9       Outside Counsel: attorneys who are not employees of a Party but

11  who are retained to represent or advise a Party in this action.

12      1.10      House Counsel: attorneys who are employees of a Party.

13      1.11      Counsel (without qualifier):   Outside Counsel and House Counsel (as

14  well as their support staffs).

15      1.12      Expert: a person with specialized knowledge or experience in a

16  matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

17  witness or as an consultant in this action and who is not a past or a current employee of a Party and

18  who, at the time of retention, is not anticipated to become an employee of a Party.  This definition

19  includes a professional jury or trial consultant retained in connection with this litigation.

20      1.13      Professional Vendors: person or entities that provide litigation

21  support services (e.g., photocopying: videotaping; translating; preparing exhibits or demonstrations;

22  organizing, storing, retrieving data in any form or medium; etc.) and their employees and

23  subcontractors.

24              2. SCOPE

25          The protections conferred by this Stipulation and Order cover not only

26  Protected Material (as defined above), but also any information copied or extracted therefrom, as

1 well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

2 presentations by parties or counsel to or in court or in other settings that might reveal Protected

3 Material.

4                              3. DURATION

5                    Even after the termination of this litigation, the confidentiality obligations

6 imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or

7 court order otherwise directs.

8                    4. DESIGNATING PROTECTED MATERIAL

9                    4.1 F.R.Civ. P. 26(c).  The information sought to be protected must be

10 properly qualified for protection under F.R.Civ. P. 26(c).  Counsel shall not designate any discovery

11 material "CONFIDENTIAL" without first making a good faith determination that protection is

12 warranted.

13                    4.2 Manner and Timing of Designations.  Except as otherwise provided in

14 this Order (see, e.g., second paragraph of section 4.2(a), below), or as otherwise stipulated or

15 ordered, material that qualified for protection under the Order must be clearly so designated before

16 the material is disclosed or produced.

17                    Designation in conformity with this Order requires:

18                    (a) for information in documentary form (apart from transcripts of

19 depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

20 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the top of

21 each page that contains protected material.

22                    A Party or non-party that makes original documents or materials available for

23 inspection need not designate them for protection until after the inspecting Party has indicated

24 which material it would like copied and produced.  During the inspection and before the

25 designation, all of the material made available for inspection shall be deemed "HIGHLY

26 CONFIDENTIAL—ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

1  documents it wants copied and produced, the Producing Party must determine which documents, or

2  portions thereof, qualify for protection under this Order, then, before producing the specified

3  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

4  "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY") at the top of each page that contains

5  Protected Material.   If only a portion or portions of the material on a page qualifies for protection,

6  the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

7  markings in the margins) and must specify, for each portion, the level of protection being asserted

8  (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

9                    (b) for testimony given in deposition or in other pretrial or trial proceedings,

10  that the Party or non-party offering or sponsoring the testimony identify on the record, before the

11  close of the deposition, hearing, or other proceeding, all protected testimony, and further specify

12  any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL—ATTORNEYS'

13  ONLY." When it is impractical to identify separately each portion of testimony that is entitled to

14  protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the

15  record (before the deposition or proceeding ins concluded) a right to have up to 20 days to specify

16  the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—

17  ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately

18  designated for protection within the 20 days shall be covered by the provisions of this Stipulated

19  Protective Order.

20                    Transcript pages containing Protected Material must be separately bound by

21  the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

22  "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as instructed by the Party or non-

23  party offering or sponsoring the witness or presenting the testimony.

24                    ( c) for information produced in some form other than documentary, and for

25  any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

26  container or containers in which the information or item is stored the legend "CONFIDENTIAL" or

1    "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

2                    4.3  <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent

3    failure to designate qualified information or items as "Confidential"  or "Highly Confidential—

4    Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure

5    protection under this Order for such material.  If material is appropriately designated as

6    "Confidential" or "Highly Confidential—Attorneys' Eyes Only" after the material was initially

7    produced, the Receiving Party, on timely notification of the designation, must make reasonable

8    efforts to assure that the material is treated in accordance with the provisions of the Order.  If

9    Receiving Party serves a written objection to the propriety of a "Confidential" or "Highly

10   Confidential" designation under this section, the parties must make reasonable attempts to meet and

11   confer to resolve the disputed designation(s).  If such attempts fail, the Designating Party must

12   move the Court for a protective order within thirty (30) days of the conclusion of the meet and

13   confer discussions.  If the Designating Party does not so move, the Receiving Party may treat the

14   subject "Confidential" or "Highly confidential" designation(s) as having been waived.

15                         5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

16                   5.1 <u>Timing of Challenges.</u>      Unless a proper challenge to a Designating

17   Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness,

18   unnecessary economic burden, or a later significant disruption or delay of the litigation, a Party does

19   not waive its right to challenge a confidentiality designation by electing not to mount a challenge

20   promptly after the original designation is disclosed.

21                   5.2 <u>Meet and Confer.</u>  A Party that elects to initiate a challenge to a

22   Designating Party's confidentiality designation must do so in good faith and must begin the process

23   by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

24   with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis

25   for its belief that the confidentiality designation was not proper and must give the Designating Party

26   an opportunity to review the designated material, to reconsider the circumstances, and, if no change

1 | in designation is offered, to explain the basis for the chose designation. A challenging Party may
2 | proceed to the next stage of the challenge process only if it has engaged in this meet and confer
3 | process first.

4 |      5.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a
5 | confidentiality designation after considering the justification offered by the Designating Party may
6 | file and serve a motion under Civil Rule 7 (and in compliance with Civil Local Rule 79-5, if
7 | applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.
8 | Each such motion must be accompanied by a competent declaration that affirms that the movant has
9 | complied with the meet and confer requirements imposed in the preceding paragraph and that sets
10 | forth with specificity the justification for the confidentiality designation that was given by the
11 | Designating Party in the meet and confer dialogue.

12 |      The burden of persuasion in any such challenge proceeding shall be on the
13 | Designating Party. Until the court rules on the challenge, all parties shall continue to afford the
14 | material in question the level of protection to which it is entitled under the Producing Party's
15 | designation.

16 |      6. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

17 |      6.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is
18 | disclosed or produced by another Party or by a non-party in connection with this case only for
19 | prosecuting, defending, or attempting to settle this litigation. Such Protected material may be
20 | disclosed only to the categories of persons and under the conditions described in this Order. When
21 | the litigation has terminated, a Receiving Party must comply with the provisions of section 10,
22 | below (FINAL DISPOSITION).

23 |      Protected Material must be stored and maintained by a Receiving Party at a
24 | location and in a secure manner that ensures that access is limited to the persons authorized under
25 | this Order.

26 |      6.2   <u>Disclosure of "CONFIDENTIAL: Information or Items.</u> Unless

1   otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party

2   may disclose any information or item designated CONFIDENTIAL only to:

3           (a) employees of the Receiving Party to whom disclosure is reasonably

4   necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order"

5   (Exhibit A);

6           (b) experts (as defined in this Order) of the Receiving Party to whom

7   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

8   Bound by Protective Order" (Exhibit A);

9           (c) the Court and its personnel;

10           (d) court reporters, their staffs, and professional vendors to whom disclosure

11   is reasonably necessary for this litigation;

12           (e) during their deposition, witnesses in the action to whom disclosure is

13   reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

14   (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

15   Protected Material must be separately bound by the court reporter and may not be disclosed to

16   anyone except as permitted under this Stipulated Protective Order.

17           (f) the author of the document or the original source of the information.

18           6.3    Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

19   ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by

20   the Designating Party, Receiving Party may disclose any information or item designated "HIGHLY

21   CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

22           (a)    Experts (as defined in this Order) (1) to whom disclosure is

23   reasonably necessary for this litigation, who have signed the "Agreement to Be Bound by Protective

24   Order" (Exhibit A);

25           (b)    the Court and its personnel;

26           (c)    court reporters and their staffs; and

1    (d)    the author of the document or the original source of the information.

2    7. PROTECTED MATERIAL SUBPOENAED OR ORDERED

3    PRODUCED IN OTHER LITIGATION

4    If a Receiving Party is served with a subpoena or an order issued in

5    other litigation that would compel disclosure of any information or items designated in this action

6    as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the

7    Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

8    and in no event more than three court days after receiving the subpoena or order.  Such notification

9    must include a copy of the subpoena or court order.

10    The Receiving Party also must immediately inform in writing the Party who

11    caused the subpoena or order to issue in the other litigation that some or all the material covered by

12    the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

13    deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

14    caused the subpoena or order to issue.

15    The purpose of imposing these duties is to alert the interested parties to the

16    existence of this Protective Order and to afford the Designation Party in this case an opportunity to

17    try to protect its confidentiality interests in the court from which the subpoena or order issued.  The

18    Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

19    confidential material—and nothing in these provisions should be construed as authorizing or

20    encouraging a Receiving Party in this action to disobey a lawful directive from another court.

21    8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

22    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

23    Protected Material to any person or in any circumstance not authorized under this Stipulated

24    Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party

25    of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected

26    Material, (c) inform the person or persons to whom unauthorized disclosures were made of all of

1  the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment

2  and Agreement to Be Bound" that is attached hereto as Exhibit A.

3          9. <u>FILING PROTECTED MATERIAL.</u>  Without written permission from the

4  Designating Party or a court order secured after appropriate notice to all interested persons, a Party

5  may not file in the public record in this action any Protected material.  A Party that seeks to file

6  under seal any Protected Material must comply with Civil Local Rule 79-5.  In addition to placing

7  the documents in a sealed envelope with instructions that the envelope is not to be opened absent

8  further order of the court, the envelope should be labeled to identify title of the case, the case

9  number, and the title of the document.

10          10. <u>FINAL DISPOSITION.</u>  Unless otherwise ordered or agreed in writing by

11  the Producing Party, within sixty days after the final termination of this action, each Receiving Party

12  must return all Protected Material to the Producing Party, as used in this subdivision, "all Protected

13  Material" includes all copies, abstracts compilations, summaries or any other form of reproducing

14  or capturing any of the Protected Material.  With permission in writing from the Designating Party,

15  the Receiving Party may destroy some or all of the Protected Material instead or returning it.

16  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written

17  certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

18  by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material

19  that was returned or destroyed and that affirms that the Receiving Party has not retained any copies,

20  abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected

21  Material.

22          11. <u>MISCELLANEOUS</u>

23          <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

24  person to seek its modification by the Court in the future.

25          12. <u>JURISDICTION.</u>   The Court shall retain jurisdiction over any matter

26  covered by this Stipulation and Order for 24 months after the final termination of this action.

**THE PARTIES HEREBY STIPULATE TO THE TERMS OF THE PROTECTIVE ORDER AS SET FORTH ABOVE.**

DATED:  November 26, 2012                    RACHEL LEDERMAN & ALEXSIS C. BEACH

                                             By: /S/
                                                 Attorneys for Plaintiffs
                                                 DANIEL SPALDING, et al.

DATED: November 26, 2012                     OFFICE OF THE CITY ATTORNEY

                                             By:    /S/
                                                 Attorneys for Defendants
                                                 CITY OF OAKLAND, et al.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:  11/28/12

_____
THELTON E. HENDERSON   Richard Seeborg
United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that was issued by the

United States Court for the Northern District of California on _____ [date] in

the case of <u>Daniel Spalding et al. v. City of Oakland, et al</u>., Case No. C11-02867 TEH, I agree to

comply with and be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

of contempt.  I solemnly promise that I will not disclose in any manner any information or item that

is subject to this Stipulated Protective Order to any person or entity except in strict compliance with

the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint_____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____
                         [printed name]

Signature:_____
                    [signature]

STIPULATED PROTECTIVE ORDER          -12-                    C11-05498 RS